## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50227 | **DATE** | January 2, 2008 |
| **CASE TITLE** | Myron Simmons # N 83544 v. Dobbs | | |

**DOCKET ENTRY TEXT:**

The plaintiff's trust fund statement, construed as a motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. The plaintiff's motion for counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Dixon Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Any pending motions are denied as moot.

■ [**For further details see text below.**]

Docketing to mail notices.

### STATEMENT

The Plaintiff, a state prisoner confined at Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The court finds that the Plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $40.73 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.

ste

**STATEMENT (continued)**

An individual is liable under 42 U.S.C. § 1983 if, while acting under color of state law, he or she deprives the Plaintiff of a right under the United States Constitution. *Supreme Video, Inc. v. Schauz*, 15 F.3d 1435, 1438 (7th Cir.1994). In any action under §1983, the alleged violator of the plaintiff's constitutional rights must have acted under color of state law. *See Monroe v. Pape*, 365 U.S. 167, 183-87 (1961).

It appears that Plaintiff is suing his private attorney, alleging that he failed to properly represent Plaintiff. He brings this case pursuant to 42 U.S.C. § 1983; however, because it was against a private party, namely his private attorney in his criminal case, there is no state action under this claim; *Supreme Video, Inc. v. Schauz*, 15 F.3d 1435, 1438 (7th Cir.1994); *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir.1991); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983); *Bowman v. City of Franklin,* 980 F. 2d 1104, 1107 (7th Cir. 1992). If on the other hand, he is suing a court appointed public defender, then he also cannot sue, because a public defender represents the Defendant, not the state, and so does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312( 1981). Although paid by the state, in their role as counsel they are not "state actors." *Id.* at 325. *See also Cornes v. Minoz*, 724 F. 2d 61(7th Cir. 1983)(claim that a public defender was guilty of malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action "under color of state law.") Because plaintiff's attorney is not a state actor, whether he is a public defender or a private attorney, therefore, a suit pursuant to §1983 cannot be maintained against either of them. *See e.g., Bowman v. City of Franklin,* 980 F. 2d 1104, 1107 (7th Cir. 1992). For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Finally, in order to recover damages from allegedly unconstitutional conviction or imprisonment, a 42 U.S.C.§1983 plaintiff must prove that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.§2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A claim for damages that relates to a conviction or sentence that has not been invalidated, is not cognizable under §1983. *Id.* Plaintiff's allegations, if proven, would undermine his conviction and therefore, *Heck* applies, even though Plaintiff seeks money damages and does not specifically ask to be released. Further, Plaintiff has failed to indicate that he has either exhausted state remedies or successfully challenged his conviction, as he is still incarcerated in prison. For these additional reasons, plaintiff's case must be dismissed.

Thererfore, this case is dismissed for failure to state a claim upon which relief may be granted. If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the Plaintiff may also accumulate another "strike."